## PIKE *v.* NASH.

September, 1864.

Knowingly acquiescing in a deviation from a contract, is deemed a
   waiver of its strict performance,—*e. g.*, accepting without objection,
   timber of a smaller size, and of poorer quality, than that contracted
   for.*

One who contracts, in a special instance, to cut timber and transport it to
   a place where it is to be delivered and used, does not act as a common
   carrier while transporting the timber, and is not liable for a loss not
   caused by his want of ordinary prudence, care and skill.†

Philip Pike sued Edwin B. Nash and William H. Pardee, in the supreme court, to recover compensation for cutting, upon a lot in Corinth, Saratoga county, and preparing and transporting to New York, a quantity of dock sticks, piles and spars, under a contract with defendants. By the terms of the agreement, the plaintiff was to cut four thousand dock sticks and piles, and was to be paid, for his work, nine shillings for each dock stick, eighteen shillings for each pile, and for all the spruce trees of certain dimensions, suitable for spars, was to have an undivided half-interest therein.

*The referee* found that plaintiff cut and carried a specified

---

* Compare Delafield *v.* De Grauw, vol. 1, p. 500 of this series; and Harris *v.* Rathbun, vol. 2, p. 326, and cases there cited.

† Compare Merrick *v.* Brainard, 38 *Barb.* 574; Allen *v.* Sackrider, 37 *N. Y.* 341; Milton *v.* Hudson River Steamboat Co., 37 *Id.* 210; and again, 4 *Lans.* 76.

number of each class of pieces; and by mere casualty, caused by an unusual flood, against which ordinary prudence would not protect, lost a number. Some of the sticks were inferior in size, or in size and quality, to the requirement of the contract; but although defendants had opportunity to object while they were being cut, as well as before delivery, they made no objection. Defendants were authorized to sell plaintiff's undivided interest; but without authority (though after having diligently, but unsuccessfully tried to sell the spars separately), they sold all at one bargain, at so much apiece, without any discrimination as to relative value. The referee accordingly allowed plaintiff the value of his half the spars, and his demand for cutting and transportation. On appeal to the court at general term, the judgment was affirmed, on the ground that the contract being single and mixed with a partnership, plaintiff was not a common carrier, and that the referee's conclusions were correct. Defendants appealed to this court.

WRIGHT, J.—The dock sticks, by the terms of the contract, were to be of specified length, and not less than seven inches in diameter at the small or top end; and the spruce trees on the lot, over fourteen inches in diameter at the butt, and suitable for spars, were to be cut and transported to the New York market on shares. Some of the dock sticks (but how many is not found) were not so large as the contract prescribed, and the largest of the spars (how many is not known), on being inspected and tested, after transportation, were found to be of inferior quality. It is because the contract was not strictly performed in respect to the size of all the dock sticks, and to the quality of all the spars, that it is now urged that the plaintiff is not entitled to recover anything for his work, or if anything, not the full contract price.

It may be conceded that the position would be sound, if the defendants had not waived a strict performance; but it is clear, in this case, that they assented to and acquiesced in whatever deviations there were from the contract, either in the size of the dock sticks, that were under the size prescribed, or in the quality of the larger spars for the purposes intended, as

to which the referee finds (and it is only upon his findings that any question of non-performance by the plaintiff can be raised), that some of the dock sticks were smaller than the contract called for, and the largest of the spars were of inferior quality, owing to knots and galls in the material on which the plaintiff's labor was employed; in connection therewith, he further finds that the defendants made no objection to the dock logs, or to the spars, got out in the execution of the contract, either while they were being cut down and prepared for market, or before or after they were accepted and sold by them, although they had sufficient opportunity, both on the lot and at New York, to inspect and ascertain the deficiency as to size of said dock logs that were smaller than the dimensions prescribed by the contract, and of the quality of the larger spruce logs designed for spars. They employed the plaintiff to cut down, prepare, and transport to market from a particular timbered lot, dock sticks of prescribed sizes, and spruce trees of certain dimensions suitable for spars. In performing the work, some of the dock sticks being got out are smaller than the contract prescribes, yet the defendants look on silence, having no objection on that account,—so, also, they look on without objection to the spruce trees that the plaintiff selects, and which he cuts down and prepares for spars. Both the dock sticks and spars are delivered at New York and accepted under the contract, remaining in the defendants' possession until sold, without a word of disapprobation because of any deviation.

Under these circumstances it is not for the defendants to insist that they are absolved from making full compensation to the plaintiff for his labor. After having knowingly acquiesced in the cutting and preparation of the mass of dock sticks, that did not strictly conform in size, and of the spars that did not conform in quality, to the contract, it is too late for them to urge that the plaintiff ought not to recover, because there has been a failure in these respects to perform on his part. They assented to the work as it was being performed, and with knowledge of the deviation from the strict letter of the agreement now complained of, when they could have put a stop to it; and the referee, therefore, was right in

holding, as he did substantially, that the plaintiff was entitled to recover the contract prices.

It appears that while transporting to New York the dock sticks, piles and spars cut upon the lot, the plaintiff lost on the way one hundred and thirty-two sticks. This loss was caused principally by reason of an unusual flood,—by mere casualty, against which ordinary prudence and diligence could not protect, and without lack of care or skill on the part of the plaintiff. The referee held that the plaintiff was not liable for this loss. This was correct. It was occasioned by the flood, and not by any carelessness or improper conduct of the plaintiff. He was not acting in the premises as a common carrier; and his duty extended no farther than to the exercise of ordinary prudence, care and skill, in protecting the property from loss or damage.

The judgment should be affirmed.

INGRAHAM, J.—The main ground of defense was a claim for damages, set up by the defendants against the plaintiff, for having cut and removed logs and piles of a less size than contemplated by the original agreement. No objection appears to have been made that the whole number had not been delivered. The defendants, having had the opportunity to examine the logs while in the woods, and afterward at New York, and having accepted them at the latter place, cannot afterward deny their liability to pay for them, whatever the services were worth which the plaintiff had rendered. Those services were rendered under the contract between the parties, and the terms of that contract would settle the amount to be paid, unless it was shown that in consequence of the variation in size the compensation should have been diminished. Sickels *v.* Pattison, 14 *Wend.* 257. But in such a case the defendants should furnish evidence of any damages they had sustained. Having received the logs at the place of delivery and sold some without objection, they must be considered as waiving the objection which might have been made to their size, although they might have shown the value of the services rendered to have been less than the contract price. There is no such evidence, and for aught that appears in the case the referee

might have concluded there was no difference in the value of the services rendered from that specified in the contract, and that the defendants had, by acceptance of the property, waived any claim therefor.

The second point of the appellants is that that the referee erred in allowing the plaintiff the value of one-half of the spars. What was the value, and whether the defendants sold them according to the terms of the agreement, was a question of fact for the referee. He evidently has found against the defendants on the ground that the spars should have been sold by themselves, and that they could not be used by selling them with the dock logs and piles to increase the value of the latter at the plaintiff's expense. There was evidence given of their value, ample to sustain the finding of the referee on this branch of the case. Even if the spars were not of the size originally contracted for, if when they were delivered and accepted by the defendants they would have sold for the sum allowed by the referee, the plaintiff would have been entitled to one-half for his services.

The defendants, on the trial, seem to have considered themselves entitled to recover from the plaintiff, as damages, the difference between the sticks as delivered and the value of them if they had been of the size stated in the contract. This they would not have been entitled to, if on receiving the logs with knowledge of the variance from the contract, they had waived their right to insist upon a full performance of the contract. The referee has found such waiver.

The plaintiff was not a common carrier in regard to the property he was transporting. He was required to use care and skill in the discharge of his duty, but was not liable for loss arising from severe storms or floods. There is nothing to show that the plaintiff ever acted as a common carrier; on the contrary, this appears to have been a special contract, made in reference to this special property, and there is no ground to suppose that the plaintiff had ever been engaged in similar business. There was no error in this respect.

Although the defendants might have reduced the recovery against them by evidence, showing the value of the services rendered to have been less than the contract price, yet, not

having done so, and having waived the objection by accepting the logs and selling them without any notice to the plaintiff, there is no ground on which this court could interfere.

The judgment should be affirmed.

All the judges concurred, except MULLIN, J., and DENIO, Ch. J., who were for reversal.

Judgment affirmed, with costs.